## Ex Parte Abney Smith.

No. 9019. Decided October 15, 1924.

No motion for rehearing filed.

**Habeas Corpus—Testing Validity of Capias Pro Fine.**

Where a Justice of the Peace, and deputy constable arrested appellant in the country and without a complaint or his appearance entered a fine against him, a capias pro fine issued to collect such fine is a nullity.

Appeal from the County Court of Archer County. Tried below before the Hon. E. M. Hooper, Judge.

Appeal from an order of County Judge of Archer County remanding relator to custody of sheriff.

*Mathis & Caldwell,* for relator.

No brief filed by the State.

LATTIMORE, JUDGE.—This is an appeal from an order of the County Court of Archer County remanding the appellant to the custody of the sheriff of said county following the refusal of a writ of *habeas corpus* sought for the purpose of effecting his release. The case is a very unusual one.

It appears that on June 3, 1924, two deputy sheriffs took with them the justice of the peace of precinct No. 2 of Archer county and started out in the night time in imitation of those ancient appointees of the Roman Emperors in the days when Rome was conqueror of the world and judges were appointed to travel from place to place and administer equity without regard to the conflict between the law of the conquering Romans on one side and of the conquered barbarians on the other. The justice of the peace aforesaid carried with him in the car on the occasion in question, his docket as well as the two deputy sheriffs mentioned. The seat of the administration of justice by the judge afore-

said was at Holliday, Texas, but about one o'clock at night the three officers named found this appellant in a car with a girl beside a public road. The officers drove their car up beside that of appellant and said girl. The justice of the peace entered on his docket that appellant was charged with vagrancy and that he was fined one dollar and costs for said offense. No witnesses testified against appellant. No complaint was then filed against him and no warrant issued for his arrest. It was not asserted that the girl accompanying appellant was immoral, nor was he seen engaged in any improper conduct with her. Appellant was not taken back to Holliday, but, if tried, was tried then and there in the car or by the car at little after the dead hour of midnight five miles away from the court house, if any there was, at Holliday. It seems that appellant did not then have the money with which to pay the fine and costs assessed against him, or else refused to pay it. About the 27th of June following a *capias pro fine* was issued by the said justice of the peace, which was forwarded to the constable of precinct No. 1 in Wichita County, Texas, where appellant lived. He was arrested by said officer and then sued out a writ of *habeas corpus* before the county court of said County of Wichita by which court he was released upon the hearing of said writ. Thereafter and on September 3, 1924, a complaint was filed in the justice court of precinct No. 2 of Archer County charging the appellant with the offense of vagrancy by "immoral conduct or associating with prostitutes," in the County of Archer and State aforesaid, on or about the 3d of June, 1924. There appears an agreement in the record the substance of which is that thereafter and without further proceeding another *capias pro fine* was issued out of said justice court in said cause and placed in the hands of the sheriff of Archer County, who arrested appellant thereunder and now holds him in custody under and by virtue of the authority of said *capias pro fine.*

We know of no authority of law for the proceedings appearing in this record. We know of no law authorizing the prosecution and conviction of one of crime in this State of any kind or character without the filing of a complaint which is made the necessary basis for a criminal prosecution, except in case of an indictment. The judgment attempted to be entered by the learned justice of the peace on June 3d was without authority of law and it would necessarily follow that any writ issued for the purpose of enforcing said judgment must fail for lack of authority.

The appellant was properly discharged by the county judge of Wichita County and improperly remanded by the county judge of Archer County. The judgment so remanding him is reversed and the discharge of appellant from custody ordered.

*Reversed and appellant discharged.*